J-A25045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS MARTINEZ-DIAZ | : | |
| | : | |
| Appellant | : | No. 395 MDA 2020 |

Appeal from the PCRA Order Entered January 29, 2020
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005162-2017

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:               **FILED NOVEMBER 30, 2020**

Appellant, Carlos Martinez-Diaz, appeals from the order entered in the Berks County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On June 8, 2018, a jury convicted Appellant of two counts of corrupt organizations, two counts of criminal conspiracy, one count of criminal use of a communication facility, and six counts of delivery of a controlled substance. That day, the court sentenced Appellant to an aggregate term of 18½ to 60 years' imprisonment. Throughout trial and sentencing, Appellant was

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

represented by privately retained counsel ("trial counsel"). On June 20, 2018, while still represented by trial counsel, Appellant filed a *pro se* post-sentence motion. Appellant alleged, *inter alia*, the court improperly permitted a "surprise" witness at trial and failed to grant a defense continuance, the court failed to award credit for time served, and the court imposed an excessive sentence because Appellant was not the main target of the drug investigation but he received a greater sentence than his cohorts. Because Appellant still had counsel of record, the clerk of courts docketed the *pro se* filing and sent a copy to trial counsel.[2] On June 25, 2018, the court entered an amended sentence that expressly awarded Appellant credit for time served. The court issued a second amended sentencing order on August 21, 2018, reducing Appellant's aggregate sentence to 18½ to 50 years' imprisonment due to an illegal sentencing issue.[3]

---

[2] Generally, there is no constitutional right to hybrid representation at trial or on appeal. ***Commonwealth v. Ellis***, 534 Pa. 176, 626 A.2d 1137 (1993). "[I]ndeed, *pro se* motions have no legal effect and, therefore, are legal nullities." ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa.Super. 2016). Thus, when a defendant is represented by counsel, if the defendant submits a document for filing not signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, place the document in the case file, and forward it to counsel of record and the attorney for the Commonwealth within 10 days. Pa.R.Crim.P. 576(A)(4).

[3] The record does not indicate if the court held a hearing on June 25, 2018 or August 21, 2018 concerning the amended sentencing orders, and contains no transcripts for those dates. Additionally, the record does not show any motion precipitating the August 21, 2018 amended sentencing order.

On November 9, 2018, while still represented by trial counsel, Appellant filed a *pro se* notice of appeal.[4]  Appellant purported to appeal from an October 11, 2018 sentencing order, although the record and docket entries contain no filing on that date.[5]  On November 16, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant filed a *pro se* Rule 1925(b) statement on November 29, 2018.

On December 7, 2018, after learning of Appellant's *pro se* notice of appeal, trial counsel filed a motion to withdraw.  The court granted trial counsel's motion to withdraw on December 12, 2018, and subsequently appointed new counsel for appeal.  On March 22, 2019, this Court issued a rule to show cause why the appeal should not be quashed as untimely and as taken from a purported order that was not entered on the docket.  Neither Appellant nor appointed appellate counsel responded.  Consequently, on April 26, 2019, this Court quashed the appeal by *per curiam* order.  **See** 1860 MDA

---

[4] The record does not disclose whether the clerk of courts forwarded Appellant's *pro se* notice of appeal to trial counsel in accordance with Rule 576(A)(4).

[5] In later filings, Appellant alleged he believed that his *pro se* post-sentence motion was denied by operation of law on or around October 11, 2018.  **See** Pa.R.Crim.P. 720(B)(3)(a) (stating that if judge fails to decide post-sentence motion within 120 days, or fails to grant extension, motion shall be deemed denied by operation of law); Pa.R.Crim.P. 720(A)(2)(b) (stating notice of appeal shall be filed within 30 days of entry of order denying post-sentence motion by operation of law in cases in which judge fails to decide motion).

2018.

On June 3, 2019, Appellant timely filed a *pro se* PCRA petition alleging trial counsel's ineffectiveness. Specifically, Appellant alleged trial counsel failed to file a post-sentence motion on Appellant's behalf challenging the excessiveness of Appellant's sentence, failed to file a notice of appeal on Appellant's behalf, and failed to have a meaningful consultation with Appellant about filing a notice of appeal. The court appointed PCRA counsel, who filed an amended PCRA petition on June 26, 2019, reiterating Appellant's *pro se* claims of trial counsel's ineffectiveness and seeking *nunc pro tunc* relief.

On December 3, 2019, the court held a PCRA hearing at which Appellant and trial counsel testified. Appellant testified that he asked trial counsel to file an appeal on his behalf right after the jury announced its verdict. Counsel told Appellant there were no meritorious issues to appeal. Appellant said that he also asked counsel to file an appeal on his behalf after the court awarded him credit for time served. (**See** N.T. PCRA Hearing, 12/3/19, at 3-8).

Trial counsel testified that he discussed Appellant's post-sentence rights with Appellant after initial sentencing. Trial counsel admitted that he did not explain to Appellant the prohibition against hybrid representation, and that the post-sentence rights form does not discuss hybrid representation. Trial counsel denied that Appellant ever asked him to file post-sentence motions or a notice of appeal. Trial counsel further denied having received a copy of Appellant's *pro se* post-sentence motion from the clerk of courts. Rather, trial

counsel stated he only became aware of Appellant's *pro se* post-sentence motion when the court amended the sentence to award credit for time served on June 25, 2018. Trial counsel said the *pro se* post-sentence motion was attached to paperwork regarding the amended sentence. Trial counsel further stated he did not recall attending a hearing on the time-credit issue and believed the court essentially awarded credit for time served "*sua sponte.*" After learning of Appellant's *pro se* post-sentence motion, trial counsel did not reach out to Appellant about pursuing a *nunc pro tunc* post-sentence motion or an appeal because he assumed the post-sentence issue (regarding time credit) was resolved.

Trial counsel conceded that Appellant contacted him around August 2018, but only to request his records; Appellant did not mention anything about wanting to appeal. Trial counsel further explained that on the third day of trial, during a discussion about a plea offer from the Commonwealth, Appellant and trial counsel discussed potential appellate issues. Appellant mentioned some claims he wanted to pursue but trial counsel did not think they were worthy of appeal. (**See id.** at 9-21).

On January 29, 2020, the court denied PCRA relief. Appellant filed a *pro se* notice of appeal on February 12, 2020. On February 19, 2020, the court ordered Appellant to file a Rule 1925(b) statement. On February 26, 2020, PCRA counsel filed a Rule 1925(b) statement on Appellant's behalf. PCRA counsel also filed a notice of appeal on February 28, 2020. This Court

subsequently dismissed as duplicative Appellant's *pro se* notice of appeal.

Appellant raises one issue for our review:

> Did the PCRA court err by denying relief where Appellant demonstrated that he had indicated his desire to appeal both during trial and following the trial where he filed timely post-sentence motions pursuant to the post-sentence motion rights form he signed, and the mailbox rule[?]

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297 (2011). "A PCRA court's legal conclusions, however, are reviewed *de novo*." ***Commonwealth v. Green***, 168 A.3d 173, 175 (Pa.Super. 2017), *appeal denied*, 646 Pa. 1, 183 A.3d 340 (2018).

Appellant argues that neither trial counsel nor the post-sentence rights form explained the prohibition against hybrid representation. Appellant asserts he was unaware he could not file a *pro se* post-sentence motion. Appellant claims he timely filed a *pro se* post-sentence motion pursuant to the

prisoner mailbox rule.[6]  Appellant insists that trial counsel received a copy of his *pro se* post-sentence motion after the 10-day post-sentence time limitation had passed but before expiration of the 30-day appeal period.   Appellant contends trial counsel should have known Appellant wanted to raise post-sentencing issues based on the *pro se* post-sentence motion and should have filed a post-sentence motion *nunc pro tunc* on Appellant's behalf. Alternatively, Appellant maintains trial counsel could have moved to withdraw his representation at that time or encouraged Appellant to seek representation from the Public Defender.   Instead, Appellant complains trial counsel did nothing.

Appellant also asserts that he asked trial counsel to file a direct appeal. In light of the PCRA court's finding that trial counsel's testimony was more credible than Appellant's testimony on this point, however, Appellant declines to argue counsel was *per se* ineffective.  Nevertheless, Appellant stresses that trial counsel failed to consult with Appellant about whether he wanted to appeal.  Appellant avers that his conversation with counsel during trial about a potential appeal, which occurred before verdict and sentencing, did not fulfill counsel's duty to consult with Appellant because the proceedings were

---

[6] Appellant's *pro se* post-sentence motion is postmarked June 17, 2020. Therefore, had Appellant not been represented at the time, the filing would have been timely under the prisoner mailbox rule.  **See Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa.Super. 2019) (stating that pursuant to prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing").

incomplete at that time. Appellant emphasizes that the record demonstrates he wanted to appeal based on the filing of Appellant's *pro se* post-sentence motion and *pro se* notice of appeal. Appellant concludes trial counsel was ineffective, and this Court must reinstate Appellant's post-sentence and direct appeal rights *nunc pro tunc*. For the following reasons, we agree relief is due.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). Generally, when asserting a claim of ineffective assistance of counsel, the petitioner is required to plead and prove: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability the outcome of the proceedings would have been different. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007).

"Actual or constructive denial of the assistance of counsel, however, falls within a narrow category of circumstances in which prejudice is legally presumed." ***Commonwealth v. Lane***, 81 A.3d 974, 978 (Pa.Super. 2013), *appeal denied*, 625 Pa. 658, 92 A.3d 811 (2014). Our Supreme Court has held:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well

as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Commonwealth v. Lantzy*, 558 Pa. 214, 226-27, 736 A.2d 564, 572 (1999) (internal footnote omitted). In other words, if counsel neglects to file a **requested** direct appeal, "counsel is *per se* ineffective as the defendant was left with the functional equivalent of no counsel." *Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa.Super. 2011), *appeal denied*, 615 Pa. 764, 40 A.3d 1235 (2012).

Even if a defendant does not expressly ask counsel to file a direct appeal, counsel still has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal." *Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa.Super. 2006), *appeal denied*, 591 Pa. 695, 918 A.2d 741 (2007). In this situation, where the defendant did not request counsel to file a direct appeal but counsel failed to consult with the defendant, counsel is not *per se* ineffective and the traditional three-prong test "is necessary to decide whether counsel rendered constitutionally ineffective assistance by failing to advise his client about his appellate rights." *Markowitz, supra* at 716.

> Pursuant to [*Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) and its Pennsylvania expression, *Commonwealth v. Touw*, 781 A.2d 1250 (Pa.Super. 2001)], counsel has a constitutional duty to

consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) **that this particular defendant reasonably demonstrated to counsel that he was interested in appealing**." [*Id.*] at 1254 (quoting *Roe*[*, supra*] at 480, 120 S.Ct. [at 1036]).

*Bath, supra* at 623 (emphasis added). "Where a petitioner can prove either factor, he establishes that his claim has arguable merit." *Markowitz, supra* at 716. Additionally, "*Flores-Ortega* makes plain that the consultation must, at minimum, encompass advice regarding an actual appeal, not simply how to preserve issues for a theoretical appeal. This is why the test requires the attorney to make a reasonable effort to discover the defendant's wishes." *Green, supra* at 177 (internal citation, quotation marks, and footnote omitted).

As well, the defendant is not required to show he had meritorious issues for appeal to establish counsel was ineffective for failing to consult with the defendant regarding an appeal. *Commonwealth v. Donaghy*, 33 A.3d 12 (Pa.Super. 2011), *appeal denied*, 615 Pa. 753, 40 A.3d 120 (2012). *See also Green, supra* at 178 n.5 (stating: "[A] claim that lacks merit is not necessarily wholly frivolous. The duty to consult arises if there is a non-frivolous issue to raise, not an ultimately meritorious issue"). Further, prejudice in this context means a defendant must show a reasonable probability that, but for counsel's failure to consult, the defendant would have sought additional review. *Touw, supra* at 1254. *See also Donaghy, supra*

(reversing order denying PCRA relief and remanding for reinstatement of appellant's direct appeal rights *nunc pro tunc*, where trial counsel failed to consult with appellant about whether he wanted to file direct appeal; appellant sent trial counsel letter during 30-day appeal period asking how long appellant had to file appeal and what types of issues appellant could raise on appeal; appellant's letter sufficiently demonstrated desire to appeal such that counsel should have made reasonable effort to discover appellant's wishes; counsel's testimony at PCRA hearing that counsel believed appellant had no viable reasons for appeal does not absolve counsel of his duty to ascertain appellant's wishes; counsel's failure to consult with appellant about filing direct appeal deprived appellant of his constitutional right to effective assistance of counsel).

Instantly, the PCRA court addressed Appellant's ineffectiveness claim as follows:

> In the case at bar, [Appellant] testified that he asked [trial counsel] to file a direct appeal after being found guilty, after sentencing and when he came back to court to correct his sentence. However, this is inconsistent with the testimony provided by [trial counsel]. [Trial counsel] stated that [Appellant] never asked him to file a direct appeal.
>
> This court had the opportunity to observe the demeanor of both [trial counsel] and [Appellant] and assess their credibility in court. … [Trial counsel] has been practicing criminal defense almost exclusively since 2006 and is familiar with appellate procedure. [Trial counsel] had no issues communicating with [Appellant]. [Appellant's] testimony at the hearing on the Petition was provided in English and without the services of an interpreter. [Trial counsel] offered credible testimony regarding his

interactions with [Appellant] and had no personal interest in the outcome of this Petition. On the other hand, [Appellant] is seeking the reinstatement of his appellate rights through this Petition. [Appellant's] testimony regarding his request for an appeal directly contradicted the testimony of [trial counsel]. This court finds that [Appellant] did not ask [trial counsel] to file a direct appeal. [Appellant] has failed to establish that [trial counsel] was *per se* ineffective.

Although [trial counsel] was not *per se* ineffective, he may still be found ineffective if he did not consult with [Appellant] about his appellate rights. …

* * *

In this case, [trial counsel] did consult with [Appellant] about an appeal. On the third day of trial, [trial counsel] discussed the Commonwealth's amended [plea] offer with [Appellant]. During that conversation, they discussed an appeal. [Appellant] presented his concerns to [trial counsel] and [trial counsel] informed [Appellant] that there were no clear appellate issues. Therefore, this court finds that [Appellant] reasonably demonstrated to [trial counsel] that he was interested in appealing and, in response, [trial counsel] fulfilled his constitutional duty and consulted with [Appellant] about an appeal. [Appellant] did not demonstrate to [trial counsel] that he had any further interest in appealing following this conversation.

… Here, [trial counsel] and [Appellant] discussed potential appellate issues while reviewing the Commonwealth's amended offer. [Appellant] raised one or two areas of concern but [trial counsel] informed him that there were no clear appellate issues. This court finds that [trial counsel] discharged his obligation and provided advice to [Appellant] about an actual appeal, not simply about issue preservation for a theoretical appeal.

(Findings of Fact/Conclusions of Law, filed January 29, 2020, at 8-10).

Initially, the PCRA court rejected Appellant's testimony that he asked

counsel to file a direct appeal. (*See id.* at 9). We are bound by the PCRA

court's credibility determination in this regard. ***See Dennis, supra***. Therefore, we agree with the PCRA court that trial counsel was not *per se* ineffective. ***See Lantzy, supra***; ***Markowitz, supra***.

We disagree, however, with the PCRA court's legal conclusion that trial counsel adequately fulfilled his duty to consult with Appellant about whether he wanted to appeal.[7] ***See Green, supra***; ***Ford, supra***. Importantly, "the question is not simply whether consultation occurred, it is whether that consultation was adequate within the meaning of that term as expressed in ***Flores-Ortega***, which is a conclusion of law subject to review *de novo*. Hence, the credibility finding does not control the outcome." ***Green, supra*** at 177.

Here, trial counsel testified at the PCRA hearing that on the third day of trial, during a conversation about a plea offer from the Commonwealth, Appellant and counsel discussed potential appellate issues. According to trial counsel, Appellant mentioned some claims he wanted to pursue but counsel did not think they were worthy of appeal. Nevertheless, trial counsel did not specify any of the issues Appellant had wanted to pursue. Additionally, trial

_____

[7] The Commonwealth suggests that the question of whether counsel failed to consult with Appellant is waived for failure to preserve it in the Rule 1925(b) statement. To the extent the concise statement is vague, we decline to find waiver. ***See Commonwealth v. Laboy***, 594 Pa. 411, 936 A.2d 1058 (2007) (holding appellate court should conduct merits review of claim raised in criminal appeal notwithstanding vagueness in Rule 1925(b) statement, where case is relatively straightforward, trial court readily understood appellant's claim, and trial court addressed claim in substantial detail in its opinion).

counsel did not explain whether he explored with Appellant the advantages or disadvantages of an appeal. *See Bath, supra*. Further, the conversation between Appellant and trial counsel took place during trial, before the jury had rendered its verdict and before sentencing. At that juncture, trial counsel could not have adequately advised Appellant on the advantages or disadvantages of an appeal because counsel could not have known, for example, if there were potential appellate issues concerning any sentencing errors. Thus, we hold that trial counsel's consultation with Appellant was deficient.

Based on our conclusion that trial counsel's consultation with Appellant was inadequate, "we now address whether counsel actually had a duty to consult" because "any inadequacy in the consultation is irrelevant if there was no duty to consult." *Green, supra* at 178. Here, the record shows Appellant filed a *pro se* post-sentence motion on June 20, 2018, raising a variety of issues including but not limited to the court's failure to award credit for time served. Regardless of whether trial counsel actually received notice from the clerk of courts, trial counsel admits he learned of Appellant's *pro se* post-sentence motion on or around June 25, 2018, when the court amended Appellant's sentence to award credit for time served. Although trial counsel testified at the PCRA hearing that he assumed the post-sentencing issues were resolved by the amended sentencing order, trial counsel made no effort to contact Appellant to see if he wanted to continue pursuit of the other issues

raised in the *pro se* post-sentence motion. Even though the 10-day timeframe had elapsed by the time trial counsel reviewed the *pro se* post-sentence motion, we agree with Appellant that trial counsel could have sought post-sentencing *nunc pro tunc* relief, or presented any issues that did not require preservation in post-sentence motions in a counseled direct appeal.

Additionally, the timing of Appellant's *pro se* post-sentence motion, which was postmarked within 10 days of the initial sentencing order, demonstrates that Appellant was attempting to assert his claims in a timely manner. Appellant also filed a *pro se* notice of appeal on November 9, 2018. While this appeal was untimely, Appellant's mistaken belief that his *pro se* post-sentence motion was denied by operation of law on or around October 11, 2018 is not completely unreasonable given the timeline of events in this case. Under these circumstances, Appellant reasonably demonstrated his intent to appeal, and Appellant's claim that trial counsel was ineffective for failing to consult with him about an appeal has arguable merit. **See Roe, supra**; **Markowitz, supra**; **Bath, supra**; **Touw, supra**.

Further, trial counsel's belief that Appellant had no meritorious issues for appeal did not absolve counsel of his duty to consult with Appellant about filing an appeal. **See Green, supra**; **Donaghy, supra**. The record supports Appellant's contention that but for counsel's deficient failure to consult with Appellant, he would have filed a timely appeal, which satisfies the prejudice prong of the ineffectiveness test. **See Touw, supra**. Based upon the

foregoing, trial counsel was ineffective for failing to meaningfully consult with Appellant about filing a direct appeal; and Appellant is entitled to reinstatement of his post-sentence and direct appeal rights *nunc pro tunc*.[8] Accordingly, we reverse and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2020

_____

[8] In light of Appellant's *pro se* post-sentence motion challenging the discretionary aspects of sentencing, which requires preservation in the trial court, reinstatement of Appellant's post-sentence rights *nunc pro tunc* is proper. ***See Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009) (explaining where court reinstates direct appeal rights *nunc pro tunc*, appellant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well; however, reinstatement of post-sentence rights *nunc pro tunc* is proper where defendant successfully pleads and proves he was deprived of right to file and litigate post-sentence motions as result of ineffective assistance of counsel).